CASE 55—ACTION BY CENTRAL KENTUCKY ASYLUM FOR THE INSANE,
&C. AGAINST HENRY MICHAELS AND OTHERS TO RECOVER COMPEN-
SATION FOR KEEPING HIM.—JUNE 7.

# Michaels, &c. v. Central Ky. Asylum, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT CHANCERY BRANCH, FIRST DI-
VISION—SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

LUNATICS—ILLEGAL INQUEST—RECOVERY BY ASYLUM FOR NECESSARIES
—ALLOWANCE FOR SERVICES.

An asylum to which an insane person was committed on
an inquest is void because he had no notice thereof and was not
present thereat, may recover for necessaries furnished him on a
*quantum meruit;* he, however, being entitled to credit for serv-
ices rendered by him.

JAMES P. FORD, FOR APPELLANT.

The record in this case shows that appellant's ward was con-
fined in the asylum from June 1, 1897, to September 18, 1902,
without any valid inquest, during a large portion of which period
he worked under the superintendence and control of the asylum
authorities, doing such work as ditching—even in extremely hot
weather—unloading cars, driving a cart, cleaning up rubbish,
helping to make permanent improvements such as the building
of the entertainment hall and reconstruction of the reservoir at
the asylum.

During all of this time—except the first few weeks of his
confinement—he was quiet, harmless and of good disposition, re-
quiring no attention from the asylum authorities, and was prac-
tically no expense to any one, except for his board and clothes,
and the value of his services stated above more than equalled
such expense.

Ought his estate to be now subjected to the payment of $150
per annum, or any part thereof, for board during said period?

## AUTHORITIES CITED.

McAfee v. Com., 3 B. M., 306; Stewart v. Taylor, 23 Ky. Law
Rep., 577; Taylor v. Moore, 23 Ky. Law Rep., 1572; Federal Con-

stitution, 14th Amendment, sec. 1; State Constitution, sec. 2
(Bill of Rights); Kentucky Statutes, sec. 253; *In re* Lambert,
134 California, 626; State v. Billings, 55 Minn., 467; Evans v.
Johnson, 23 L. R. A., 737; Bramlette v. McVay, 91 Ky., 151;
Prince v. Antle, 90 Ky., 141; Cope v. Slayden, &c., 24 Ky. Law
Rep., 1734; Hall v. Commonwealth, 8 Bush, 378; Ken-
tucky Statutes, sec. 217; Miller v. Porter 8 B. M.,
283; Todd v. Caplinger, 4 Bush, 139; Criminal Code of Prac.
397; Kentucky Statutes, secs. 257, 264; Session Acts, 1902, p.
27, sec. 2, p. 28, sec. 20; Coleman v. Commissioners of Lunatic
Asylum, 6 B. M., 239; Morehead & Brown's Digest of Stat. Laws,
803; Session Acts 1833, p. 40, sec. 4; Shirley v. Taylor, 5 B.
M., 102; Garland v. Rice 4 Ky. Law Rep., 254; Schrorer v. Asy-
lum, 24 Ky. Law Rep., 150; Com. v. O. & N. R. R. Co., 81 Ky.,
573, Com. v. Todd, 9 Bush, 708; Harlan v. Lumsden, 2 Duv., 89;
Sinking Fund Comm'rs v. Northern Bank of Ky., 1 Met., 176,
196; Williamson v. Industrial School of Reform, 95 Ky., 252;
Hauns v. Central Asylum, 20 Ky. Law Rep., 246;
23 Ky. Law Rep., 1016; Crawford v. Scovell, 94 Pa. St., 48;
Ricketts v. Joliff, 62 Miss., 440; Halley v. Troester, 72 Mo., 73;
Morehead & Brown's Dig. Laws, 803, sec. 5; Ky Stat., sec. 2158;
Ashley v. Holman, 25 S. C., 394; 60 Am. Rep., 512; Fox v. Rich-
mond, 19 Ky. Law Rep., 326; St. Joseph Orphan Asylum v.
Wolpert, 80 Ky., 86; Commissioners of Montgomery Co. v. Ris-
tine, Adm'r., 8 L. R. A.; 461; Muldraugh's Hill T. P. v. Maupin,
79 Ky., 101; Wehmhoff v. Rutherford, 98 Ky., 95; Alsop v. Cen-
tral Trust Co., 100 Ky., 375; Civi¹ Code 113, subsec. 4.

HOLT & ALEXANDER, ATTORNEYS FOR APPELLEE.

A. A lunatic is incapable of consenting to his confinement as
a patient in a State asylum, or of contracting for his support while
there, so the law consents and contracts for him. Gossom v.
McFarren, 79 Ky., 237; Tiedeman on Limitation of Police Power,
pp. 105 to 110, and sec. 43; Schroer v. Asylum, 24 L. R., 152;
Creagh v. Tunstall, 98 Ala., 249.

B. The State has the right for the good of society to deprive
a lunatic of his liberty, to appropriate his property for his sup-
port, and to contract for his support because of his incapacity
to contract for himself. Schroer v. Asylum, 24 L. R., 152; Gos-
som v. McFarren, 79 Ky., 237; Colby v. Jackson, 12 N. H., 526.

C. A statute can not dispose of the property of a person of
sound mind, but the property of a person under disability can
be taken by process of law under a statute for necessaries fur-
nished him. Ky. Stat., sec. 257; Tiedeman on Limitation of
Police Power, pp. 105 to 110; Gossom v. McFarren, 79 Ky., 237;

Coleman v. Frazier, 3 Bush, 309; Pearl v. McDowell, 3 J. J. M., 662; Breckinridge v. Ormsby, 1 J. J. M., 238; Combs v. Beatty, 3 Bush, 613; Naylor v. Naylor, 4 Dana, 341.

D. A stranger may temporarily place a violent lunatic under personal restraint. Relatives may procure the lawful confinement of the insane without a judicial hearing, provided there is actual insanity, even where the lunatic is harmless. Colby v. Jackson, 12 N. H., 526; Tiedeman on Limitation of Police Power, sec 43; Cooley on Torts, 179; 40 Mich., 90; 47 N. H., 208; 11 Am. Rep., 323.

E. A cause of action will lie against a lunatic for necessaries furnished him even before an inquisition is held. Kent v. West, 33 N. Y., App. Div., 113; 33 N. J., 207.

F. The appointment of a committee without an inquisition where the person tried was neither present nor had notice served upon him, is void. The inquest is held for the purpose of inquiring into his sanity; it is the gist of the action; but the asylum's right to recover for necessaries furnished the lunatic while an inmate of the asylum is not affected because the inquest is (voidable or even) void for want of notice. The inquisition is neither the initial step nor the gist of the action. The asylum's cause of action exists even though no inquisition is held. The right to recover does not depend upon the inquisition.

G. The superintendent is bound to receive the patient when accompanied by the history of the case and a commitment issued by a court of competent jurisdiction; neither of which records show a failure of personal attendance or lack of notice. Ky. Stat., secs. 2161, 255, 256), the statute specifically providing, "the verdict shall be binding upon the superintendent," (sec. 256.) The superintendent is not a judicial officer to pass upon the sufficiency of the commitment. If the State furnishes necessaries under such commitment, the estate of the lunatic can be subjected to pay for his board. (Sec. 257 Stat.; Code, sec. 489); Creagh v. Tunstall, 98 Ala., 249; 3 Bush, 613; 3 Bush, 609; 1 J. J. M., 238; 3 J. J. M., 662; Ashby v. Holman, 15 S. Car., 97; 2d Ed. Am. & Eng. Ency. of Law, vol. 16, pp. 606, 607 and notes.

H. The appellee has a right of action against the estate of appellant either under the statute or at common law, if under the statute the asylum must show the support and that the patient has estate. If a creditor under sec. 489, par. 2, of the Code, or at common law, the asylum must show, first, support; second, estate subject to debt; third, the patient was under the disability of insanity; and fourth, that the claim is for necessaries furnished the patient while incapable of contracting. In neither case is the recovery had because of the commitment, but for necessaries furnished.

Michaels, &c. v. Central Ky. Asylum, &c.

I. The petition does not set out two distinct causes of action. There is but one cause of action—asking relief either under the statute, sec 257, Code 489, or at common law under an implied contract for necessaries furnished; one cause of action with two remedies, which are cumulative, the statute merely gives a new remedy for pre-existing right. Bottomly v. Port Huron R. R. Co., 44 Mich., 542; Sutherland Stat., Const., sec. 399; Lamphier v. Worcester & Co., 33 New H., 494; Code 83; Code sec. 489, Ky. Stat., 257; Humbler, Trustee v. Asylum, 100 Ky., 116 (top of page); Penn. R. R. Co. v. Bock, 93 Pa. St., 427.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Henry Michaels was found a person of unsound mind by an inquest held in the Jefferson circuit court without notice to him or his presence at the proceeding. He was committed to the Central Kentucky Asylum for the Insane, and this suit was filed by it to recover compensation for taking care of him. The proof shows that he was in fact insane, and that it was necessary for him to be in an insane asylum. The inquest, being held without notice to him or his presence at the trial, was void. Still, as he was in fact insane, the asylum may recover for necessaries furnished him on a *quantum meruit*, just as a recovery may be had for necessaries furnished an infant. But it appears in this case that Michaels, while an inmate of the asylum, except for the first few months of his confinement, worked for it, driving a cart, digging a ditch, and doing other such work on the farm run by it, he being a stout man, and able to work. When the asylum claims under a *quantum meruit* for necessaries furnished one who has not legally been found of unsound mind, its claim rests upon the idea that it should be allowed compensation in justice and right for that which it is out on account of the lunatic. If the lunatic's services have been worth to it as much as his keep was worth, it is in fact out nothing. A man who takes care of an infant, and seeks compensation on a *quantum meruit* for necessaries

furnished him would not be allowed anything if it appeared that the infant's services, while being so kept, were of as much value as what he received. The same principle must be applied to the asylum when it comes to claim for keeping one who has not legally been found of unsound mind, and committed to it for safe-keeping. Where the inquest is legal, then the statute regulates the rights of the asylum. The State, in that event, requires that the patient be received in the asylum, and has regulated by statute on what terms he shall be kept. When the asylum claims in such a case for the keeping of a patient, its claim rests upon the statute, and no allowance can then be made for the labor of the patient, as the statute provides for none. But when the inquest is illegal and void a different rule must apply, for then the claim of the asylum against the lunatic must be determined wholly on common law principles, and, while it may recover for necessaries furnished the lunatic on a *quantum meruit* it must credit him on the claim by what it has received from him in labor or otherwise.

On all the evidence in this case we conclude that the labor of the lunatic was of value as much as his board and keep at the asylum during the time sued for, and that no recovery, during this period, for his keep, can be allowed.

Judgment reversed, and cause remanded, with directions to dismiss the petition.